Matter of Litke (2020 NY Slip Op 08065)





Matter of Litke


2020 NY Slip Op 08065


Decided on December 30, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
BETSY BARROS, JJ.


2020-04931

[*1]In the Matter of Carol Jane Litke, an attorney and counselor-at-law Grievance Committee for the Tenth Judicial District, petitioner; Carol Jane Litke, respondent. (Attorney Registration No. 4517959)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 24, 2008.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On June 18, 2020, the Grievance Committee for the Tenth Judicial District personally served the respondent with a notice of petition dated June 8, 2020, and a verified petition dated May 4, 2020, and duly filed those papers with this Court together with an affidavit of service. The petition contains two charges, which allege, inter alia, that the respondent failed to re-register with the Office of Court Administration as required by Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 for the 2014-2015, 2016-2017, and 2018-2019 registration periods.
The notice of petition directed the respondent to serve and file an answer to the petition within 20 days after service of the notice of petition and the petition upon her. Upon the respondent's request, the petitioner consented to extend the time in which the respondent was required to file an answer until July 30, 2020. However, to date, the respondent has neither served nor filed an answer to the petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon her default and to impose such discipline upon her as this Court deems appropriate. The motion papers were served, by mail, upon the respondent on August 11, 2020. To date, the respondent has failed to submit papers in response to the motion.
Accordingly, the Grievance Committee's motion to deem the charges in the petition dated May 4, 2020, established is granted, the charges in the petition are deemed established, and, effective immediately, the respondent is suspended from the practice of law for an indefinite period, until further order of the Court (see Matter of Segrell, 143 AD3d 121; Matter of Owen, 109 AD3d 241; Matter of Malone, 98 AD3d 263; Matter of Atkins, 84 AD3d 97).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BARROS, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the petition dated May 4, 2020, established is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Carol Jane Litke, is suspended from the practice of law for an indefinite period, until further order of the Court; and it is further,
ORDERED that the respondent, Carol Jane Litke, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Carol Jane Litke, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Carol Jane Litke, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court